# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **14** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT
CAPTION:_____

USCA NO.: _____

LOWER COURT or AGENCY and DOCKET NUMBER:
_____

NAME OF
JUDGE:_____

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

LIST and **ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.

Provide a short statement of the factual and procedural background, which you consider important to this appeal:

Since 2017, Appellants have been attempting to receive payments under the settlement agreement in this case based on the terms that were in the settlement agreement when the opt-out deadline passed. However, their claims have been erroneously denied based on a deadline that was added to the settlement agreement after the opt-out deadline had passed and without notice to class members and based on a requirement that they exhume their deceased family members' remains when no such requirement is in the settlement agreement.

In August 2017, Appellant Yvonne Sagapolutele, on behalf of herself and other similarly situated class members, raised an important concern in the district court regarding changes that were made to the settlement agreement after the opt-out deadline and without notice to class members. This issue was raised in a motion to modify the amended final order and judgment. [ECF Nos. 8263, 8443]

In October 2017, the District Court denied the order without prejudice and instructed Appellant Sagapolutele and other similarly-situated class members to submit their claims to the Claims Administrator and to raise this notice issue, and any others, through the appeals process. [ECF No. 8557] Pursuant to the Court's order, Appellants submitted their claims along with documentation to the Claims Administrator.

In June 2019, Appellant Sagapolutele received notice that the Claims Administrator had denied her claim because she did not obtain a CTE diagnosis for her deceased husband prior to 4/22/2015. This is the notice issue that had been raised with the district court, i.e., that the deadline was not in the settlement agreement when the class members' opt out deadline passed (on 10/14/2014) and that the after-the-fact deadline was added to the settlement agreement in May 2015 with no notice to Appellant Sagapolutele or other class members.

The Claims Administrator also denied her claim because she did not exhume her husband's remains so that the board-certified neuropathologist who provided the CTE diagnosis could confirm his diagnosis. But there is no requirement in any settlement agreement that the CTE diagnosis must be confirmed by reviewing brain tissue from the remains of exhumed family members.

Appellant Sagapolutele timely appealed the Claims Administrator's denials of her claim to the Court-appointed Special Master. (The other Appellants received similar denials of their claims and also timely appealed.)

In September 2019, Appellant Sagapolutele received notice that the Special Administrator had denied her appeal, and she timely appealed that denial to the District Court. The other Appellants received similar denials and also timely appealed.

On February 24, 2023, the District Court issued an order denying Appellants' appeal of the Special Master's determination.

Identify the issues to be raised on appeal:

Whether the District Court erred in denying Appellants' claims.

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record

this 17 day of April ,20 23 .

____________________________________________

Signature of Counsel

Rev. 07/2015

**Appellants:**
Yvonne Sagapolutele, personal representative of the estate of Pio Sagapolutele.
Margrit Dyko, personal representative of the estate of Christopher Dyko.
Andre Howard, personal representative of the estate of Thomas Howard.
Donna Martin, personal representative of the estate of Fest Cotton.
Rhonda Duncan, personal representative of the estate of Clyde Duncan.
Lenore Stehouwer, personal representative of the estate of Ronald Stehouwer.
Nina Hunter, personal representative of the estate of Timothy K. Cotton.
Holly Oliver, personal representative of the estate of Robert Oliver.
Mindy Stubbs, personal representative of the estate of Robert Glenn Wharton.
Gary Schuh, personal representative of the estate of William Donald Enyart.
Rona Taylor, personal representative of the estate of Altie Taylor, Jr.
Lisa Chamberlin, personal representative of the estate of Frank Chamberlin.
Gwendolyn Daniels, personal representative of the estate of David Daniels.
Wanda Cayolle-Payne, personal representative of the estate of Kenneth Payne.
John H. Baker, III, personal representative of the estate of John Baker, Jr.
Ellen Morin, personal representative of the estate of Milton D. Morin.
Sexton Holmes, personal representative of the estate of Earnest Holmes.
Ella McGill, personal representative of the estate of Ralph Louis McGill, Sr.

**Appellees:**
National Football League and NFL Properties LLC