

# NFL CONCUSSION SETTLEMENT

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*

No. 2:12-md-02323 (E.D. Pa.)

## NOTICE OF DENIAL OF MONETARY AWARD CLAIM

**DATE OF NOTICE: June 17, 2019**

**DEADLINE TO APPEAL: July 17, 2019**

### I. SETTLEMENT CLASS MEMBER INFORMATION

| | |
|---|---|
| **Settlement Program ID** | 950013520 |

| **Name** | First<br>John | M.I.<br>H. | Last<br>Baker |
|---|---|---|---|

| | |
|---|---|
| **Settlement Class Member Type** | Representative Claimant |
| **Lawyer** | O'Hanlon, Demerath & Castillo |

| **Asserted Qualifying Diagnosis** | Death with CTE (Chronic Traumatic Encephalopathy) | **Date** | 10/31/07 |
|---|---|---|---|

### II. EXPLANATION OF CLAIM DETERMINATION

This Notice is an official communication from the Claims Administrator for the NFL Concussion Settlement Program. We reviewed your Claim Package and determined that you are not entitled to a Monetary Award because:

1. Section 6.3(f) of the Settlement Agreement allows a CTE diagnosis if: (1) the Retired Player died before 4/22/15, and (2) there was a post-mortem diagnosis of CTE made by a board-certified neuropathologist prior to 4/22/15. Although Dr. Hamilton is a board-certified neuropathologist and signed a Pre-Effective Date Diagnosing Physician Certification Form indicating a CTE diagnosis, we must have proof that he personally performed the post-mortem exam on the Retired Player and that it was done on or before 4/22/15. There was no post-mortem examination report submitted to indicate that Dr. Hamilton examined the Retired Player's brain tissue to confirm a CTE diagnosis. The two-page letter provided by Dr. Hamilton does not satisfy the requirements for a CTE diagnosis under this Settlement Program. For these reasons, this claim is denied.

Section III below explains your right to appeal this denied claim, but living Retired Players may have the option to submit a new Claim Package under Section 9.1(c)(i) of the Settlement Agreement if they receive a new Qualifying Diagnosis. We will determine whether the new claim can be considered for a Monetary Award based on several factors, including whether the new claim shows materially changed circumstances from the earlier claim. These materially changed circumstances may include: (a) a different type of Qualifying Diagnosis than the one that was denied; or (b) the same type of Qualifying Diagnosis but with a different diagnosis date supported by additional medical records. If you submit a new claim within 365 days of the claim that is the subject of this denial notice, Section 10.3(d)(ii) of the Settlement Agreement requires us to audit that new claim if it is based on the same Qualifying Diagnosis as this denied claim, but the new diagnosis was made by a different physician.

### III. YOUR RIGHT TO APPEAL THIS DETERMINATION

If you have a good faith belief that the decision to deny your Monetary Award claim is incorrect, you may appeal this determination to the Court under Section 9.5 of the Settlement Agreement. To do so, click the Appeal Denied Claim button on your secure online portal and follow the instructions provided. You must submit supporting evidence to support your appeal. Any written statement may not be more than 10 double-spaced pages. You must do so on or before the Deadline to Appeal stated at the top of this Notice.

If you decide to appeal, the Settlement Agreement requires you to pay an Appeal Fee of $1,000, which you can do using the online PayPal option or by check made payable to the NFL Claims Administrator.  This fee will be refunded if your appeal is successful.  If you are unable to pay the $1,000 fee, you may make a hardship request to us to waive the fee and will have to submit financial information showing a sufficient hardship.

If paying the $1,000 Appeal Fee by check, mail the check to the address below.

NFL Concussion Settlement
Claims Administrator
P.O. Box 25369
Richmond, VA  23260

The Special Master appointed by the Court will decide your appeal based upon a showing by you of clear and convincing evidence.  The Special Master's factual determinations will be final and binding, but you or Class Counsel or the NFL Parties may object to any of the Special Master's conclusions of law, which will then be subject to de novo (*i.e.*, a new) review by the Court.

If an appeal is not submitted on or before the deadline stated at the top of this Notice, the determination in this Notice will become final.

## IV. CLASS COUNSEL'S RIGHT TO APPEAL THIS DETERMINATION

Section 9.5 of the Settlement Agreement also gives Class Counsel the right to challenge our decision to deny your Monetary Award claim.  If Class Counsel chooses to appeal, it must do so by the Deadline to Appeal stated at the top of this Notice and must provide a written copy of its Appeals Form and any supporting evidence to you, the NFL Parties, and us.

If an appeal is taken by you or Class Counsel, the NFL Parties may submit a written opposition (not to exceed 10 double-spaced pages) no later than 30 days after receipt of the Appeals Form.  The party taking the appeal is not permitted to submit a reply.

Class Counsel may also submit a written statement (not to exceed 10 double-spaced pages) in response to your appeal no later than 15 days after receipt of the Appeals Form, and you and the NFL Parties may each submit a reply to any such submission by Class Counsel.

## V. HOW TO CONTACT US WITH QUESTIONS OR FOR HELP

If you are represented by a lawyer, consult with your lawyer if you have questions or need assistance. If you are unrepresented and have any questions about this Notice or need help, contact us at 1-855-887-3485 or send an email to ClaimsAdministrator@NFLConcussionSettlement.com.  If you are a lawyer, call or email your designated Firm Contact for assistance. For more information about the Settlement program, visit the official website at www.NFLConcussionSettlement.com to read the Frequently Asked Questions or download a copy of the complete Settlement Agreement.





# **NFL** CONCUSSION SETTLEMENT

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*
No. 2:12-md-02323 (E.D. Pa.)

## NOTICE OF DENIAL OF MONETARY AWARD CLAIM
### DATE OF NOTICE: **June 17, 2019**
### DEADLINE TO APPEAL: **July 17, 2019**

### I. SETTLEMENT CLASS MEMBER INFORMATION

| | |
|---|---|
| **Settlement Program ID** | 950013403 |

| **Name** | First<br>Wanda | M.I. | Last<br>Cayolle-Payne |
|---|---|---|---|

| | |
|---|---|
| **Settlement Class Member Type** | Representative Claimant |
| **Lawyer** | O'Hanlon, Demerath & Castillo |

| **Asserted Qualifying Diagnosis** | Death with CTE (Chronic Traumatic Encephalopathy) | **Date** | 8/1/11 |
|---|---|---|---|

### II. EXPLANATION OF CLAIM DETERMINATION

This Notice is an official communication from the Claims Administrator for the NFL Concussion Settlement Program. We reviewed your Claim Package and determined that you are not entitled to a Monetary Award because:

1. Section 6.3(f) of the Settlement Agreement allows a CTE diagnosis if: (1) the Retired Player died before 4/22/15, and (2) there was a post-mortem diagnosis of CTE made by a board-certified neuropathologist prior to 4/22/15. Although Dr. Hamilton is a board-certified neuropathologist and signed a Pre-Effective Date Diagnosing Physician Certification Form indicating a CTE diagnosis, we must have proof that he personally performed the post-mortem exam on the Retired Player and that it was done on or before 4/22/15. There was no post-mortem examination report submitted to indicate that Dr. Hamilton examined the Retired Player's brain tissue to confirm a CTE diagnosis. The two-page letter provided by Dr. Hamilton does not satisfy the requirements for a CTE diagnosis under this Settlement Program. For these reasons, this claim is denied.

Section III below explains your right to appeal this denied claim, but living Retired Players may have the option to submit a new Claim Package under Section 9.1(c)(i) of the Settlement Agreement if they receive a new Qualifying Diagnosis. We will determine whether the new claim can be considered for a Monetary Award based on several factors, including whether the new claim shows materially changed circumstances from the earlier claim. These materially changed circumstances may include: (a) a different type of Qualifying Diagnosis than the one that was denied; or (b) the same type of Qualifying Diagnosis but with a different diagnosis date supported by additional medical records. If you submit a new claim within 365 days of the claim that is the subject of this denial notice, Section 10.3(d)(ii) of the Settlement Agreement requires us to audit that new claim if it is based on the same Qualifying Diagnosis as this denied claim, but the new diagnosis was made by a different physician.

### III. YOUR RIGHT TO APPEAL THIS DETERMINATION

If you have a good faith belief that the decision to deny your Monetary Award claim is incorrect, you may appeal this determination to the Court under Section 9.5 of the Settlement Agreement. To do so, click the Appeal Denied Claim button on your secure online portal and follow the instructions provided. You must submit supporting evidence to support your appeal. Any written statement may not be more than 10 double-spaced pages. You must do so on or before the Deadline to Appeal stated at the top of this Notice.

If you decide to appeal, the Settlement Agreement requires you to pay an Appeal Fee of $1,000, which you can do using the online PayPal option or by check made payable to the NFL Claims Administrator. This fee will be refunded if your appeal is successful. If you are unable to pay the $1,000 fee, you may make a hardship request to us to waive the fee and will have to submit financial information showing a sufficient hardship.

If paying the $1,000 Appeal Fee by check, mail the check to the address below.

    NFL Concussion Settlement
    Claims Administrator
    P.O. Box 25369
    Richmond, VA 23260

The Special Master appointed by the Court will decide your appeal based upon a showing by you of clear and convincing evidence. The Special Master's factual determinations will be final and binding, but you or Class Counsel or the NFL Parties may object to any of the Special Master's conclusions of law, which will then be subject to de novo (*i.e.*, a new) review by the Court.

If an appeal is not submitted on or before the deadline stated at the top of this Notice, the determination in this Notice will become final.

## IV. CLASS COUNSEL'S RIGHT TO APPEAL THIS DETERMINATION

Section 9.5 of the Settlement Agreement also gives Class Counsel the right to challenge our decision to deny your Monetary Award claim. If Class Counsel chooses to appeal, it must do so by the Deadline to Appeal stated at the top of this Notice and must provide a written copy of its Appeals Form and any supporting evidence to you, the NFL Parties, and us.

If an appeal is taken by you or Class Counsel, the NFL Parties may submit a written opposition (not to exceed 10 double-spaced pages) no later than 30 days after receipt of the Appeals Form. The party taking the appeal is not permitted to submit a reply.

Class Counsel may also submit a written statement (not to exceed 10 double-spaced pages) in response to your appeal no later than 15 days after receipt of the Appeals Form, and you and the NFL Parties may each submit a reply to any such submission by Class Counsel.

## V. HOW TO CONTACT US WITH QUESTIONS OR FOR HELP

If you are represented by a lawyer, consult with your lawyer if you have questions or need assistance. If you are unrepresented and have any questions about this Notice or need help, contact us at 1-855-887-3485 or send an email to ClaimsAdministrator@NFLConcussionSettlement.com. If you are a lawyer, call or email your designated Firm Contact for assistance. For more information about the Settlement program, visit the official website at www.NFLConcussionSettlement.com to read the Frequently Asked Questions or download a copy of the complete Settlement Agreement.





# **NFL** CONCUSSION SETTLEMENT

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*
No. 2:12-md-02323 (E.D. Pa.)

## NOTICE OF DENIAL OF MONETARY AWARD CLAIM
### DATE OF NOTICE: **June 17, 2019**
### DEADLINE TO APPEAL: **July 17, 2019**

### I. SETTLEMENT CLASS MEMBER INFORMATION

| Settlement Program ID | 950013179 | | |
|---|---|---|---|
| **Name** | First<br>Lisa | M.I.<br>A. | Last<br>Chamberlin |
| **Settlement Class Member Type** | Representative Claimant | | |
| **Lawyer** | O'Hanlon, Demerath & Castillo | | |
| **Asserted Qualifying Diagnosis** | Death with CTE (Chronic Traumatic Encephalopathy) | **Date** | 11/17/13 |

### II. EXPLANATION OF CLAIM DETERMINATION

This Notice is an official communication from the Claims Administrator for the NFL Concussion Settlement Program. We reviewed your Claim Package and determined that you are not entitled to a Monetary Award because:

| | |
|---|---|
| 1. | Section 6.3(f) of the Settlement Agreement allows a CTE diagnosis if: (1) the Retired Player died before 4/22/15, and (2) there was a post-mortem diagnosis of CTE made by a board-certified neuropathologist prior to 4/22/15. Although Dr. Hamilton is a board-certified neuropathologist and signed a Pre-Effective Date Diagnosing Physician Certification Form indicating a CTE diagnosis, we must have proof that he personally performed the post-mortem exam on the Retired Player and that it was done on or before 4/22/15. There was no post-mortem examination report submitted to indicate that Dr. Hamilton examined the Retired Player's brain tissue to confirm a CTE diagnosis. The two-page letter provided by Dr. Hamilton does not satisfy the requirements for a CTE diagnosis under this Settlement Program. For these reasons, this claim is denied. |

Section III below explains your right to appeal this denied claim, but living Retired Players may have the option to submit a new Claim Package under Section 9.1(c)(i) of the Settlement Agreement if they receive a new Qualifying Diagnosis. We will determine whether the new claim can be considered for a Monetary Award based on several factors, including whether the new claim shows materially changed circumstances from the earlier claim. These materially changed circumstances may include: (a) a different type of Qualifying Diagnosis than the one that was denied; or (b) the same type of Qualifying Diagnosis but with a different diagnosis date supported by additional medical records. If you submit a new claim within 365 days of the claim that is the subject of this denial notice, Section 10.3(d)(ii) of the Settlement Agreement requires us to audit that new claim if it is based on the same Qualifying Diagnosis as this denied claim, but the new diagnosis was made by a different physician.

### III. YOUR RIGHT TO APPEAL THIS DETERMINATION

If you have a good faith belief that the decision to deny your Monetary Award claim is incorrect, you may appeal this determination to the Court under Section 9.5 of the Settlement Agreement. To do so, click the Appeal Denied Claim button on your secure online portal and follow the instructions provided. You must submit supporting evidence to support your appeal. Any written statement may not be more than 10 double-spaced pages. You must do so on or before the Deadline to Appeal stated at the top of this Notice.

If you decide to appeal, the Settlement Agreement requires you to pay an Appeal Fee of $1,000, which you can do using the online PayPal option or by check made payable to the NFL Claims Administrator. This fee will be refunded if your appeal is successful. If you are unable to pay the $1,000 fee, you may make a hardship request to us to waive the fee and will have to submit financial information showing a sufficient hardship.

If paying the $1,000 Appeal Fee by check, mail the check to the address below.

> NFL Concussion Settlement
> Claims Administrator
> P.O. Box 25369
> Richmond, VA  23260

The Special Master appointed by the Court will decide your appeal based upon a showing by you of clear and convincing evidence. The Special Master's factual determinations will be final and binding, but you or Class Counsel or the NFL Parties may object to any of the Special Master's conclusions of law, which will then be subject to de novo (*i.e.,* a new) review by the Court.

If an appeal is not submitted on or before the deadline stated at the top of this Notice, the determination in this Notice will become final.

## IV. Class Counsel's Right to Appeal this Determination

Section 9.5 of the Settlement Agreement also gives Class Counsel the right to challenge our decision to deny your Monetary Award claim. If Class Counsel chooses to appeal, it must do so by the Deadline to Appeal stated at the top of this Notice and must provide a written copy of its Appeals Form and any supporting evidence to you, the NFL Parties, and us.

If an appeal is taken by you or Class Counsel, the NFL Parties may submit a written opposition (not to exceed 10 double-spaced pages) no later than 30 days after receipt of the Appeals Form. The party taking the appeal is not permitted to submit a reply.

Class Counsel may also submit a written statement (not to exceed 10 double-spaced pages) in response to your appeal no later than 15 days after receipt of the Appeals Form, and you and the NFL Parties may each submit a reply to any such submission by Class Counsel.

## V. How to Contact Us with Questions or for Help

If you are represented by a lawyer, consult with your lawyer if you have questions or need assistance. If you are unrepresented and have any questions about this Notice or need help, contact us at 1-855-887-3485 or send an email to ClaimsAdministrator@NFLConcussionSettlement.com. If you are a lawyer, call or email your designated Firm Contact for assistance. For more information about the Settlement program, visit the official website at www.NFLConcussionSettlement.com to read the Frequently Asked Questions or download a copy of the complete Settlement Agreement.



 **CONCUSSION SETTLEMENT**

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*

No. 2:12-md-02323 (E.D. Pa.)

## NOTICE OF DENIAL OF MONETARY AWARD CLAIM

**DATE OF NOTICE: June 17, 2019**

**DEADLINE TO APPEAL: July 17, 2019**

### I. SETTLEMENT CLASS MEMBER INFORMATION

| | |
|---|---|
| **Settlement Program ID** | 950013223 |

| **Name** | First<br>Gwendolyn | M.I. | Last<br>Daniels |
|---|---|---|---|

| **Settlement Class Member Type** | Representative Claimant | | |
|---|---|---|---|
| **Lawyer** | O'Hanlon, Demerath & Castillo | | |
| **Asserted Qualifying Diagnosis** | Death with CTE (Chronic Traumatic Encephalopathy) | **Date** | 8/7/14 |

### II. EXPLANATION OF CLAIM DETERMINATION

This Notice is an official communication from the Claims Administrator for the NFL Concussion Settlement Program. We reviewed your Claim Package and determined that you are not entitled to a Monetary Award because:

| | |
|---|---|
| 1. | Section 6.3(f) of the Settlement Agreement allows a CTE diagnosis if: (1) the Retired Player died before 4/22/15, and (2) there was a post-mortem diagnosis of CTE made by a board-certified neuropathologist prior to 4/22/15. Although Dr. Hamilton is a board-certified neuropathologist and signed a Pre-Effective Date Diagnosing Physician Certification Form indicating a CTE diagnosis, we must have proof that he personally performed the post-mortem exam on the Retired Player and that it was done on or before 4/22/15. There was no post-mortem examination report submitted to indicate that Dr. Hamilton examined the Retired Player's brain tissue to confirm a CTE diagnosis. The two-page letter provided by Dr. Hamilton does not satisfy the requirements for a CTE diagnosis under this Settlement Program. For these reasons, this claim is denied. |

Section III below explains your right to appeal this denied claim, but living Retired Players may have the option to submit a new Claim Package under Section 9.1(c)(i) of the Settlement Agreement if they receive a new Qualifying Diagnosis. We will determine whether the new claim can be considered for a Monetary Award based on several factors, including whether the new claim shows materially changed circumstances from the earlier claim. These materially changed circumstances may include: (a) a different type of Qualifying Diagnosis than the one that was denied; or (b) the same type of Qualifying Diagnosis but with a different diagnosis date supported by additional medical records. If you submit a new claim within 365 days of the claim that is the subject of this denial notice, Section 10.3(d)(ii) of the Settlement Agreement requires us to audit that new claim if it is based on the same Qualifying Diagnosis as this denied claim, but the new diagnosis was made by a different physician.

### III. YOUR RIGHT TO APPEAL THIS DETERMINATION

If you have a good faith belief that the decision to deny your Monetary Award claim is incorrect, you may appeal this determination to the Court under Section 9.5 of the Settlement Agreement. To do so, click the Appeal Denied Claim button on your secure online portal and follow the instructions provided. You must submit supporting evidence to support your appeal. Any written statement may not be more than 10 double-spaced pages. You must do so on or before the Deadline to Appeal stated at the top of this Notice.

If you decide to appeal, the Settlement Agreement requires you to pay an Appeal Fee of $1,000, which you can do using the online PayPal option or by check made payable to the NFL Claims Administrator. This fee will be refunded if your appeal is successful. If you are unable to pay the $1,000 fee, you may make a hardship request to us to waive the fee and will have to submit financial information showing a sufficient hardship.

If paying the $1,000 Appeal Fee by check, mail the check to the address below.

NFL Concussion Settlement
Claims Administrator
P.O. Box 25369
Richmond, VA 23260

The Special Master appointed by the Court will decide your appeal based upon a showing by you of clear and convincing evidence. The Special Master's factual determinations will be final and binding, but you or Class Counsel or the NFL Parties may object to any of the Special Master's conclusions of law, which will then be subject to de novo (*i.e.*, a new) review by the Court.

If an appeal is not submitted on or before the deadline stated at the top of this Notice, the determination in this Notice will become final.

## IV. CLASS COUNSEL'S RIGHT TO APPEAL THIS DETERMINATION

Section 9.5 of the Settlement Agreement also gives Class Counsel the right to challenge our decision to deny your Monetary Award claim. If Class Counsel chooses to appeal, it must do so by the Deadline to Appeal stated at the top of this Notice and must provide a written copy of its Appeals Form and any supporting evidence to you, the NFL Parties, and us.

If an appeal is taken by you or Class Counsel, the NFL Parties may submit a written opposition (not to exceed 10 double-spaced pages) no later than 30 days after receipt of the Appeals Form. The party taking the appeal is not permitted to submit a reply.

Class Counsel may also submit a written statement (not to exceed 10 double-spaced pages) in response to your appeal no later than 15 days after receipt of the Appeals Form, and you and the NFL Parties may each submit a reply to any such submission by Class Counsel.

## V. HOW TO CONTACT US WITH QUESTIONS OR FOR HELP

If you are represented by a lawyer, consult with your lawyer if you have questions or need assistance. If you are unrepresented and have any questions about this Notice or need help, contact us at 1-855-887-3485 or send an email to ClaimsAdministrator@NFLConcussionSettlement.com. If you are a lawyer, call or email your designated Firm Contact for assistance. For more information about the Settlement program, visit the official website at www.NFLConcussionSettlement.com to read the Frequently Asked Questions or download a copy of the complete Settlement Agreement.



 **CONCUSSION SETTLEMENT**

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*
No. 2:12-md-02323 (E.D. Pa.)

## NOTICE OF DENIAL OF MONETARY AWARD CLAIM
### DATE OF NOTICE: **June 17, 2019**
### DEADLINE TO APPEAL: **July 17, 2019**

### I. SETTLEMENT CLASS MEMBER INFORMATION

| | |
|---|---|
| **Settlement Program ID** | 950011819 |

| **Name** | First<br>Rhonda | M.I.<br>R. | Last<br>Duncan |
|---|---|---|---|

| **Settlement Class Member Type** | Representative Claimant | | |
|---|---|---|---|
| **Lawyer** | O'Hanlon, Demerath & Castillo | | |
| **Asserted Qualifying Diagnosis** | Death with CTE (Chronic Traumatic Encephalopathy) | **Date** | 2/16/15 |

### II. EXPLANATION OF CLAIM DETERMINATION

This Notice is an official communication from the Claims Administrator for the NFL Concussion Settlement Program. We reviewed your Claim Package and determined that you are not entitled to a Monetary Award because:

1. Section 6.3(f) of the Settlement Agreement allows a CTE diagnosis if: (1) the Retired Player died before 4/22/15, and (2) there was a post-mortem diagnosis of CTE made by a board-certified neuropathologist prior to 4/22/15. Although Dr. Hamilton is a board-certified neuropathologist and signed a Pre-Effective Date Diagnosing Physician Certification Form indicating a CTE diagnosis, we must have proof that he personally performed the post-mortem exam on the Retired Player and that it was done on or before 4/22/15. There was no post-mortem examination report submitted to indicate that Dr. Hamilton examined the Retired Player's brain tissue to confirm a CTE diagnosis. The two-page letter provided by Dr. Hamilton does not satisfy the requirements for a CTE diagnosis under this Settlement Program. For these reasons, this claim is denied.

Section III below explains your right to appeal this denied claim, but living Retired Players may have the option to submit a new Claim Package under Section 9.1(c)(i) of the Settlement Agreement if they receive a new Qualifying Diagnosis. We will determine whether the new claim can be considered for a Monetary Award based on several factors, including whether the new claim shows materially changed circumstances from the earlier claim. These materially changed circumstances may include: (a) a different type of Qualifying Diagnosis than the one that was denied; or (b) the same type of Qualifying Diagnosis but with a different diagnosis date supported by additional medical records. If you submit a new claim within 365 days of the claim that is the subject of this denial notice, Section 10.3(d)(ii) of the Settlement Agreement requires us to audit that new claim if it is based on the same Qualifying Diagnosis as this denied claim, but the new diagnosis was made by a different physician.

### III. YOUR RIGHT TO APPEAL THIS DETERMINATION

If you have a good faith belief that the decision to deny your Monetary Award claim is incorrect, you may appeal this determination to the Court under Section 9.5 of the Settlement Agreement. To do so, click the Appeal Denied Claim button on your secure online portal and follow the instructions provided. You must submit supporting evidence to support your appeal. Any written statement may not be more than 10 double-spaced pages. You must do so on or before the Deadline to Appeal stated at the top of this Notice.

If you decide to appeal, the Settlement Agreement requires you to pay an Appeal Fee of $1,000, which you can do using the online PayPal option or by check made payable to the NFL Claims Administrator. This fee will be refunded if your appeal is successful. If you are unable to pay the $1,000 fee, you may make a hardship request to us to waive the fee and will have to submit financial information showing a sufficient hardship.

If paying the $1,000 Appeal Fee by check, mail the check to the address below.

    NFL Concussion Settlement
    Claims Administrator
    P.O. Box 25369
    Richmond, VA  23260

The Special Master appointed by the Court will decide your appeal based upon a showing by you of clear and convincing evidence. The Special Master's factual determinations will be final and binding, but you or Class Counsel or the NFL Parties may object to any of the Special Master's conclusions of law, which will then be subject to de novo (*i.e.*, a new) review by the Court.

If an appeal is not submitted on or before the deadline stated at the top of this Notice, the determination in this Notice will become final.

## IV. CLASS COUNSEL'S RIGHT TO APPEAL THIS DETERMINATION

Section 9.5 of the Settlement Agreement also gives Class Counsel the right to challenge our decision to deny your Monetary Award claim. If Class Counsel chooses to appeal, it must do so by the Deadline to Appeal stated at the top of this Notice and must provide a written copy of its Appeals Form and any supporting evidence to you, the NFL Parties, and us.

If an appeal is taken by you or Class Counsel, the NFL Parties may submit a written opposition (not to exceed 10 double-spaced pages) no later than 30 days after receipt of the Appeals Form. The party taking the appeal is not permitted to submit a reply.

Class Counsel may also submit a written statement (not to exceed 10 double-spaced pages) in response to your appeal no later than 15 days after receipt of the Appeals Form, and you and the NFL Parties may each submit a reply to any such submission by Class Counsel.

## V. HOW TO CONTACT US WITH QUESTIONS OR FOR HELP

If you are represented by a lawyer, consult with your lawyer if you have questions or need assistance. If you are unrepresented and have any questions about this Notice or need help, contact us at 1-855-887-3485 or send an email to ClaimsAdministrator@NFLConcussionSettlement.com. If you are a lawyer, call or email your designated Firm Contact for assistance. For more information about the Settlement program, visit the official website at www.NFLConcussionSettlement.com to read the Frequently Asked Questions or download a copy of the complete Settlement Agreement.



 **CONCUSSION SETTLEMENT**

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*
No. 2:12-md-02323 (E.D. Pa.)

## NOTICE OF DENIAL OF MONETARY AWARD CLAIM
### DATE OF NOTICE: **June 17, 2019**
### DEADLINE TO APPEAL: **July 17, 2019**

### I. SETTLEMENT CLASS MEMBER INFORMATION

| | |
|---|---|
| **Settlement Program ID** | 950011814 |

| **Name** | First<br>Margrit | M.I.<br>C. | Last<br>Dyko |
|---|---|---|---|

| | |
|---|---|
| **Settlement Class Member Type** | Representative Claimant |
| **Lawyer** | O'Hanlon, Demerath & Castillo |

| **Asserted Qualifying Diagnosis** | Death with CTE (Chronic Traumatic Encephalopathy) | **Date** | 12/28/14 |
|---|---|---|---|

### II. EXPLANATION OF CLAIM DETERMINATION

This Notice is an official communication from the Claims Administrator for the NFL Concussion Settlement Program. We reviewed your Claim Package and determined that you are not entitled to a Monetary Award because:

| 1. | Section 6.3(f) of the Settlement Agreement allows a CTE diagnosis if: (1) the Retired Player died before 4/22/15, and (2) there was a post-mortem diagnosis of CTE made by a board-certified neuropathologist prior to 4/22/15. Although Dr. Hamilton is a board-certified neuropathologist and signed a Pre-Effective Date Diagnosing Physician Certification Form indicating a CTE diagnosis, we must have proof that he personally performed the post-mortem exam on the Retired Player and that it was done on or before 4/22/15. There was no post-mortem examination report submitted to indicate that Dr. Hamilton examined the Retired Player's brain tissue to confirm a CTE diagnosis. The two-page letter provided by Dr. Hamilton does not satisfy the requirements for a CTE diagnosis under this Settlement Program. For these reasons, this claim is denied. |
|---|---|

Section III below explains your right to appeal this denied claim, but living Retired Players may have the option to submit a new Claim Package under Section 9.1(c)(i) of the Settlement Agreement if they receive a new Qualifying Diagnosis. We will determine whether the new claim can be considered for a Monetary Award based on several factors, including whether the new claim shows materially changed circumstances from the earlier claim. These materially changed circumstances may include: (a) a different type of Qualifying Diagnosis than the one that was denied; or (b) the same type of Qualifying Diagnosis but with a different diagnosis date supported by additional medical records. If you submit a new claim within 365 days of the claim that is the subject of this denial notice, Section 10.3(d)(ii) of the Settlement Agreement requires us to audit that new claim if it is based on the same Qualifying Diagnosis as this denied claim, but the new diagnosis was made by a different physician.

### III. YOUR RIGHT TO APPEAL THIS DETERMINATION

If you have a good faith belief that the decision to deny your Monetary Award claim is incorrect, you may appeal this determination to the Court under Section 9.5 of the Settlement Agreement. To do so, click the Appeal Denied Claim button on your secure online portal and follow the instructions provided. You must submit supporting evidence to support your appeal. Any written statement may not be more than 10 double-spaced pages. You must do so on or before the Deadline to Appeal stated at the top of this Notice.

If you decide to appeal, the Settlement Agreement requires you to pay an Appeal Fee of $1,000, which you can do using the online PayPal option or by check made payable to the NFL Claims Administrator.  This fee will be refunded if your appeal is successful.  If you are unable to pay the $1,000 fee, you may make a hardship request to us to waive the fee and will have to submit financial information showing a sufficient hardship.

If paying the $1,000 Appeal Fee by check, mail the check to the address below.
> NFL Concussion Settlement
> Claims Administrator
> P.O. Box 25369
> Richmond, VA  23260

The Special Master appointed by the Court will decide your appeal based upon a showing by you of clear and convincing evidence.  The Special Master's factual determinations will be final and binding, but you or Class Counsel or the NFL Parties may object to any of the Special Master's conclusions of law, which will then be subject to de novo (*i.e.*, a new) review by the Court.

If an appeal is not submitted on or before the deadline stated at the top of this Notice, the determination in this Notice will become final.

## IV. CLASS COUNSEL'S RIGHT TO APPEAL THIS DETERMINATION

Section 9.5 of the Settlement Agreement also gives Class Counsel the right to challenge our decision to deny your Monetary Award claim.  If Class Counsel chooses to appeal, it must do so by the Deadline to Appeal stated at the top of this Notice and must provide a written copy of its Appeals Form and any supporting evidence to you, the NFL Parties, and us.

If an appeal is taken by you or Class Counsel, the NFL Parties may submit a written opposition (not to exceed 10 double-spaced pages) no later than 30 days after receipt of the Appeals Form.  The party taking the appeal is not permitted to submit a reply.

Class Counsel may also submit a written statement (not to exceed 10 double-spaced pages) in response to your appeal no later than 15 days after receipt of the Appeals Form, and you and the NFL Parties may each submit a reply to any such submission by Class Counsel.

## V. HOW TO CONTACT US WITH QUESTIONS OR FOR HELP

If you are represented by a lawyer, consult with your lawyer if you have questions or need assistance. If you are unrepresented and have any questions about this Notice or need help, contact us at 1-855-887-3485 or send an email to ClaimsAdministrator@NFLConcussionSettlement.com.  If you are a lawyer, call or email your designated Firm Contact for assistance. For more information about the Settlement program, visit the official website at www.NFLConcussionSettlement.com to read the Frequently Asked Questions or download a copy of the complete Settlement Agreement.





# NFL CONCUSSION SETTLEMENT

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*
No. 2:12-md-02323 (E.D. Pa.)

## NOTICE OF DENIAL OF MONETARY AWARD CLAIM
### DATE OF NOTICE: **June 17, 2019**
### DEADLINE TO APPEAL: **July 17, 2019**

### I. SETTLEMENT CLASS MEMBER INFORMATION

| | |
|---|---|
| **Settlement Program ID** | 950013608 |

| **Name** | First<br>Sexton | M.I. | Last<br>Holmes |
|---|---|---|---|

| | |
|---|---|
| **Settlement Class Member Type** | Representative Claimant |
| **Lawyer** | O'Hanlon, Demerath & Castillo |

| **Asserted Qualifying Diagnosis** | Death with CTE (Chronic Traumatic Encephalopathy) | **Date** | 1/17/08 |
|---|---|---|---|

### II. EXPLANATION OF CLAIM DETERMINATION

This Notice is an official communication from the Claims Administrator for the NFL Concussion Settlement Program. We reviewed your Claim Package and determined that you are not entitled to a Monetary Award because:

1. Section 6.3(f) of the Settlement Agreement allows a CTE diagnosis if: (1) the Retired Player died before 4/22/15, and (2) there was a post-mortem diagnosis of CTE made by a board-certified neuropathologist prior to 4/22/15. Although Dr. Hamilton is a board-certified neuropathologist and signed a Pre-Effective Date Diagnosing Physician Certification Form indicating a CTE diagnosis, we must have proof that he personally performed the post-mortem exam on the Retired Player and that it was done on or before 4/22/15. There was no post-mortem examination report submitted to indicate that Dr. Hamilton examined the Retired Player's brain tissue to confirm a CTE diagnosis. The two-page letter provided by Dr. Hamilton does not satisfy the requirements for a CTE diagnosis under this Settlement Program. For these reasons, this claim is denied.

Section III below explains your right to appeal this denied claim, but living Retired Players may have the option to submit a new Claim Package under Section 9.1(c)(i) of the Settlement Agreement if they receive a new Qualifying Diagnosis. We will determine whether the new claim can be considered for a Monetary Award based on several factors, including whether the new claim shows materially changed circumstances from the earlier claim. These materially changed circumstances may include: (a) a different type of Qualifying Diagnosis than the one that was denied; or (b) the same type of Qualifying Diagnosis but with a different diagnosis date supported by additional medical records. If you submit a new claim within 365 days of the claim that is the subject of this denial notice, Section 10.3(d)(ii) of the Settlement Agreement requires us to audit that new claim if it is based on the same Qualifying Diagnosis as this denied claim, but the new diagnosis was made by a different physician.

### III. YOUR RIGHT TO APPEAL THIS DETERMINATION

If you have a good faith belief that the decision to deny your Monetary Award claim is incorrect, you may appeal this determination to the Court under Section 9.5 of the Settlement Agreement. To do so, click the Appeal Denied Claim button on your secure online portal and follow the instructions provided. You must submit supporting evidence to support your appeal. Any written statement may not be more than 10 double-spaced pages. You must do so on or before the Deadline to Appeal stated at the top of this Notice.

If you decide to appeal, the Settlement Agreement requires you to pay an Appeal Fee of $1,000, which you can do using the online PayPal option or by check made payable to the NFL Claims Administrator. This fee will be refunded if your appeal is successful. If you are unable to pay the $1,000 fee, you may make a hardship request to us to waive the fee and will have to submit financial information showing a sufficient hardship.

If paying the $1,000 Appeal Fee by check, mail the check to the address below.

NFL Concussion Settlement
Claims Administrator
P.O. Box 25369
Richmond, VA 23260

The Special Master appointed by the Court will decide your appeal based upon a showing by you of clear and convincing evidence. The Special Master's factual determinations will be final and binding, but you or Class Counsel or the NFL Parties may object to any of the Special Master's conclusions of law, which will then be subject to de novo (*i.e.*, a new) review by the Court.

If an appeal is not submitted on or before the deadline stated at the top of this Notice, the determination in this Notice will become final.

## IV. CLASS COUNSEL'S RIGHT TO APPEAL THIS DETERMINATION

Section 9.5 of the Settlement Agreement also gives Class Counsel the right to challenge our decision to deny your Monetary Award claim. If Class Counsel chooses to appeal, it must do so by the Deadline to Appeal stated at the top of this Notice and must provide a written copy of its Appeals Form and any supporting evidence to you, the NFL Parties, and us.

If an appeal is taken by you or Class Counsel, the NFL Parties may submit a written opposition (not to exceed 10 double-spaced pages) no later than 30 days after receipt of the Appeals Form. The party taking the appeal is not permitted to submit a reply.

Class Counsel may also submit a written statement (not to exceed 10 double-spaced pages) in response to your appeal no later than 15 days after receipt of the Appeals Form, and you and the NFL Parties may each submit a reply to any such submission by Class Counsel.

## V. HOW TO CONTACT US WITH QUESTIONS OR FOR HELP

If you are represented by a lawyer, consult with your lawyer if you have questions or need assistance. If you are unrepresented and have any questions about this Notice or need help, contact us at 1-855-887-3485 or send an email to ClaimsAdministrator@NFLConcussionSettlement.com. If you are a lawyer, call or email your designated Firm Contact for assistance. For more information about the Settlement program, visit the official website at www.NFLConcussionSettlement.com to read the Frequently Asked Questions or download a copy of the complete Settlement Agreement.



 # CONCUSSION SETTLEMENT

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*
No. 2:12-md-02323 (E.D. Pa.)

## NOTICE OF DENIAL OF MONETARY AWARD CLAIM
### DATE OF NOTICE: **June 17, 2019**
### DEADLINE TO APPEAL: **July 17, 2019**

### I. SETTLEMENT CLASS MEMBER INFORMATION

| Settlement Program ID | 950011815 | | |
|---|---|---|---|
| **Name** | First<br>Andre | M.I. | Last<br>Howard |
| **Settlement Class Member Type** | Representative Claimant | | |
| **Lawyer** | O'Hanlon, Demerath & Castillo | | |
| **Asserted Qualifying Diagnosis** | Death with CTE (Chronic Traumatic Encephalopathy) | **Date** | 11/18/13 |

### II. EXPLANATION OF CLAIM DETERMINATION

This Notice is an official communication from the Claims Administrator for the NFL Concussion Settlement Program. We reviewed your Claim Package and determined that you are not entitled to a Monetary Award because:

1. Section 6.3(f) of the Settlement Agreement allows a CTE diagnosis if: (1) the Retired Player died before 4/22/15, and (2) there was a post-mortem diagnosis of CTE made by a board-certified neuropathologist prior to 4/22/15. Although Dr. Hamilton is a board-certified neuropathologist and signed a Pre-Effective Date Diagnosing Physician Certification Form indicating a CTE diagnosis, we must have proof that he personally performed the post-mortem exam on the Retired Player and that it was done on or before 4/22/15. There was no post-mortem examination report submitted to indicate that Dr. Hamilton examined the Retired Player's brain tissue to confirm a CTE diagnosis. The two-page letter provided by Dr. Hamilton does not satisfy the requirements for a CTE diagnosis under this Settlement Program. For these reasons, this claim is denied.

Section III below explains your right to appeal this denied claim, but living Retired Players may have the option to submit a new Claim Package under Section 9.1(c)(i) of the Settlement Agreement if they receive a new Qualifying Diagnosis. We will determine whether the new claim can be considered for a Monetary Award based on several factors, including whether the new claim shows materially changed circumstances from the earlier claim. These materially changed circumstances may include: (a) a different type of Qualifying Diagnosis than the one that was denied; or (b) the same type of Qualifying Diagnosis but with a different diagnosis date supported by additional medical records. If you submit a new claim within 365 days of the claim that is the subject of this denial notice, Section 10.3(d)(ii) of the Settlement Agreement requires us to audit that new claim if it is based on the same Qualifying Diagnosis as this denied claim, but the new diagnosis was made by a different physician.

### III. YOUR RIGHT TO APPEAL THIS DETERMINATION

If you have a good faith belief that the decision to deny your Monetary Award claim is incorrect, you may appeal this determination to the Court under Section 9.5 of the Settlement Agreement. To do so, click the Appeal Denied Claim button on your secure online portal and follow the instructions provided. You must submit supporting evidence to support your appeal. Any written statement may not be more than 10 double-spaced pages. You must do so on or before the Deadline to Appeal stated at the top of this Notice.

If you decide to appeal, the Settlement Agreement requires you to pay an Appeal Fee of $1,000, which you can do using the online PayPal option or by check made payable to the NFL Claims Administrator. This fee will be refunded if your appeal is successful. If you are unable to pay the $1,000 fee, you may make a hardship request to us to waive the fee and will have to submit financial information showing a sufficient hardship.

If paying the $1,000 Appeal Fee by check, mail the check to the address below.

NFL Concussion Settlement
Claims Administrator
P.O. Box 25369
Richmond, VA  23260

The Special Master appointed by the Court will decide your appeal based upon a showing by you of clear and convincing evidence. The Special Master's factual determinations will be final and binding, but you or Class Counsel or the NFL Parties may object to any of the Special Master's conclusions of law, which will then be subject to de novo (*i.e.*, a new) review by the Court.

If an appeal is not submitted on or before the deadline stated at the top of this Notice, the determination in this Notice will become final.

## IV. CLASS COUNSEL'S RIGHT TO APPEAL THIS DETERMINATION

Section 9.5 of the Settlement Agreement also gives Class Counsel the right to challenge our decision to deny your Monetary Award claim. If Class Counsel chooses to appeal, it must do so by the Deadline to Appeal stated at the top of this Notice and must provide a written copy of its Appeals Form and any supporting evidence to you, the NFL Parties, and us.

If an appeal is taken by you or Class Counsel, the NFL Parties may submit a written opposition (not to exceed 10 double-spaced pages) no later than 30 days after receipt of the Appeals Form. The party taking the appeal is not permitted to submit a reply.

Class Counsel may also submit a written statement (not to exceed 10 double-spaced pages) in response to your appeal no later than 15 days after receipt of the Appeals Form, and you and the NFL Parties may each submit a reply to any such submission by Class Counsel.

## V. HOW TO CONTACT US WITH QUESTIONS OR FOR HELP

If you are represented by a lawyer, consult with your lawyer if you have questions or need assistance. If you are unrepresented and have any questions about this Notice or need help, contact us at 1-855-887-3485 or send an email to ClaimsAdministrator@NFLConcussionSettlement.com. If you are a lawyer, call or email your designated Firm Contact for assistance. For more information about the Settlement program, visit the official website at www.NFLConcussionSettlement.com to read the Frequently Asked Questions or download a copy of the complete Settlement Agreement.



Settlement Program ID: 950011815



# NFL CONCUSSION SETTLEMENT

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*

No. 2:12-md-02323 (E.D. Pa.)

## NOTICE OF DENIAL OF MONETARY AWARD CLAIM
### DATE OF NOTICE: June 17, 2019
### DEADLINE TO APPEAL: July 17, 2019

### I. SETTLEMENT CLASS MEMBER INFORMATION

| | |
|---|---|
| **Settlement Program ID** | 950011821 |

| **Name** | First<br>Nina | M.I.<br>S. | Last<br>Hunter |
|---|---|---|---|

| | |
|---|---|
| **Settlement Class Member Type** | Representative Claimant |
| **Lawyer** | O'Hanlon, Demerath & Castillo |

| **Asserted Qualifying Diagnosis** | Death with CTE (Chronic Traumatic Encephalopathy) | **Date** | 7/16/10 |
|---|---|---|---|

### II. EXPLANATION OF CLAIM DETERMINATION

This Notice is an official communication from the Claims Administrator for the NFL Concussion Settlement Program. We reviewed your Claim Package and determined that you are not entitled to a Monetary Award because:

1. Section 6.3(f) of the Settlement Agreement allows a CTE diagnosis if: (1) the Retired Player died before 4/22/15, and (2) there was a post-mortem diagnosis of CTE made by a board-certified neuropathologist prior to 4/22/15. Although Dr. Hamilton is a board-certified neuropathologist and signed a Pre-Effective Date Diagnosing Physician Certification Form indicating a CTE diagnosis, we must have proof that he personally performed the post-mortem exam on the Retired Player and that it was done on or before 4/22/15. There was no post-mortem examination report submitted to indicate that Dr. Hamilton examined the Retired Player's brain tissue to confirm a CTE diagnosis. The two-page letter provided by Dr. Hamilton does not satisfy the requirements for a CTE diagnosis under this Settlement Program. For these reasons, this claim is denied.

Section III below explains your right to appeal this denied claim, but living Retired Players may have the option to submit a new Claim Package under Section 9.1(c)(i) of the Settlement Agreement if they receive a new Qualifying Diagnosis. We will determine whether the new claim can be considered for a Monetary Award based on several factors, including whether the new claim shows materially changed circumstances from the earlier claim. These materially changed circumstances may include: (a) a different type of Qualifying Diagnosis than the one that was denied; or (b) the same type of Qualifying Diagnosis but with a different diagnosis date supported by additional medical records. If you submit a new claim within 365 days of the claim that is the subject of this denial notice, Section 10.3(d)(ii) of the Settlement Agreement requires us to audit that new claim if it is based on the same Qualifying Diagnosis as this denied claim, but the new diagnosis was made by a different physician.

### III. YOUR RIGHT TO APPEAL THIS DETERMINATION

If you have a good faith belief that the decision to deny your Monetary Award claim is incorrect, you may appeal this determination to the Court under Section 9.5 of the Settlement Agreement. To do so, click the Appeal Denied Claim button on your secure online portal and follow the instructions provided. You must submit supporting evidence to support your appeal. Any written statement may not be more than 10 double-spaced pages. You must do so on or before the Deadline to Appeal stated at the top of this Notice.

If you decide to appeal, the Settlement Agreement requires you to pay an Appeal Fee of $1,000, which you can do using the online PayPal option or by check made payable to the NFL Claims Administrator. This fee will be refunded if your appeal is successful. If you are unable to pay the $1,000 fee, you may make a hardship request to us to waive the fee and will have to submit financial information showing a sufficient hardship.

If paying the $1,000 Appeal Fee by check, mail the check to the address below.

NFL Concussion Settlement
Claims Administrator
P.O. Box 25369
Richmond, VA 23260

The Special Master appointed by the Court will decide your appeal based upon a showing by you of clear and convincing evidence. The Special Master's factual determinations will be final and binding, but you or Class Counsel or the NFL Parties may object to any of the Special Master's conclusions of law, which will then be subject to de novo (*i.e.*, a new) review by the Court.

If an appeal is not submitted on or before the deadline stated at the top of this Notice, the determination in this Notice will become final.

## IV. CLASS COUNSEL'S RIGHT TO APPEAL THIS DETERMINATION

Section 9.5 of the Settlement Agreement also gives Class Counsel the right to challenge our decision to deny your Monetary Award claim. If Class Counsel chooses to appeal, it must do so by the Deadline to Appeal stated at the top of this Notice and must provide a written copy of its Appeals Form and any supporting evidence to you, the NFL Parties, and us.

If an appeal is taken by you or Class Counsel, the NFL Parties may submit a written opposition (not to exceed 10 double-spaced pages) no later than 30 days after receipt of the Appeals Form. The party taking the appeal is not permitted to submit a reply.

Class Counsel may also submit a written statement (not to exceed 10 double-spaced pages) in response to your appeal no later than 15 days after receipt of the Appeals Form, and you and the NFL Parties may each submit a reply to any such submission by Class Counsel.

## V. HOW TO CONTACT US WITH QUESTIONS OR FOR HELP

If you are represented by a lawyer, consult with your lawyer if you have questions or need assistance. If you are unrepresented and have any questions about this Notice or need help, contact us at 1-855-887-3485 or send an email to ClaimsAdministrator@NFLConcussionSettlement.com. If you are a lawyer, call or email your designated Firm Contact for assistance. For more information about the Settlement program, visit the official website at www.NFLConcussionSettlement.com to read the Frequently Asked Questions or download a copy of the complete Settlement Agreement.



Settlement Program ID: 950011821

 **CONCUSSION SETTLEMENT**

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*
No. 2:12-md-02323 (E.D. Pa.)

## NOTICE OF DENIAL OF MONETARY AWARD CLAIM
### DATE OF NOTICE: **June 17, 2019**
### DEADLINE TO APPEAL: **July 17, 2019**

### I. SETTLEMENT CLASS MEMBER INFORMATION

| | |
|---|---|
| **Settlement Program ID** | 950011818 |

| **Name** | First<br>Donna | M.I. | Last<br>Martin |
|---|---|---|---|

| **Settlement Class Member Type** | Representative Claimant |
|---|---|
| **Lawyer** | O'Hanlon, Demerath & Castillo |

| **Asserted Qualifying Diagnosis** | Death with CTE (Chronic Traumatic Encephalopathy) | **Date** | 7/22/12 |
|---|---|---|---|

### II. EXPLANATION OF CLAIM DETERMINATION

This Notice is an official communication from the Claims Administrator for the NFL Concussion Settlement Program.  We reviewed your Claim Package and determined that you are not entitled to a Monetary Award because:

| | |
|---|---|
| **1.** | Section 6.3(f) of the Settlement Agreement allows a CTE diagnosis if: (1) the Retired Player died before 4/22/15, and (2) there was a post-mortem diagnosis of CTE made by a board-certified neuropathologist prior to 4/22/15.  Although Dr. Hamilton is a board-certified neuropathologist and signed a Pre-Effective Date Diagnosing Physician Certification Form indicating a CTE diagnosis, we must have proof that he personally performed the post-mortem exam on the Retired Player and that it was done on or before 4/22/15.  There was no post-mortem examination report submitted to indicate that Dr. Hamilton examined the Retired Player's brain tissue to confirm a CTE diagnosis.  The two-page letter provided by Dr. Hamilton does not satisfy the requirements for a CTE diagnosis under this Settlement Program.  For these reasons, this claim is denied. |

Section III below explains your right to appeal this denied claim, but living Retired Players may have the option to submit a new Claim Package under Section 9.1(c)(i) of the Settlement Agreement if they receive a new Qualifying Diagnosis. We will determine whether the new claim can be considered for a Monetary Award based on several factors, including whether the new claim shows materially changed circumstances from the earlier claim.  These materially changed circumstances may include: (a) a different type of Qualifying Diagnosis than the one that was denied; or (b) the same type of Qualifying Diagnosis but with a different diagnosis date supported by additional medical records.  If you submit a new claim within 365 days of the claim that is the subject of this denial notice, Section 10.3(d)(ii) of the Settlement Agreement requires us to audit that new claim if it is based on the same Qualifying Diagnosis as this denied claim, but the new diagnosis was made by a different physician.

### III. YOUR RIGHT TO APPEAL THIS DETERMINATION

If you have a good faith belief that the decision to deny your Monetary Award claim is incorrect, you may appeal this determination to the Court under Section 9.5 of the Settlement Agreement.  To do so, click the Appeal Denied Claim button on your secure online portal and follow the instructions provided. You must submit supporting evidence to support your appeal. Any written statement may not be more than 10 double-spaced pages.  You must do so on or before the Deadline to Appeal stated at the top of this Notice.

If you decide to appeal, the Settlement Agreement requires you to pay an Appeal Fee of $1,000, which you can do using the online PayPal option or by check made payable to the NFL Claims Administrator. This fee will be refunded if your appeal is successful. If you are unable to pay the $1,000 fee, you may make a hardship request to us to waive the fee and will have to submit financial information showing a sufficient hardship.

If paying the $1,000 Appeal Fee by check, mail the check to the address below.

NFL Concussion Settlement
Claims Administrator
P.O. Box 25369
Richmond, VA 23260

The Special Master appointed by the Court will decide your appeal based upon a showing by you of clear and convincing evidence. The Special Master's factual determinations will be final and binding, but you or Class Counsel or the NFL Parties may object to any of the Special Master's conclusions of law, which will then be subject to de novo (*i.e.*, a new) review by the Court.

If an appeal is not submitted on or before the deadline stated at the top of this Notice, the determination in this Notice will become final.

## IV. CLASS COUNSEL'S RIGHT TO APPEAL THIS DETERMINATION

Section 9.5 of the Settlement Agreement also gives Class Counsel the right to challenge our decision to deny your Monetary Award claim. If Class Counsel chooses to appeal, it must do so by the Deadline to Appeal stated at the top of this Notice and must provide a written copy of its Appeals Form and any supporting evidence to you, the NFL Parties, and us.

If an appeal is taken by you or Class Counsel, the NFL Parties may submit a written opposition (not to exceed 10 double-spaced pages) no later than 30 days after receipt of the Appeals Form. The party taking the appeal is not permitted to submit a reply.

Class Counsel may also submit a written statement (not to exceed 10 double-spaced pages) in response to your appeal no later than 15 days after receipt of the Appeals Form, and you and the NFL Parties may each submit a reply to any such submission by Class Counsel.

## V. HOW TO CONTACT US WITH QUESTIONS OR FOR HELP

If you are represented by a lawyer, consult with your lawyer if you have questions or need assistance. If you are unrepresented and have any questions about this Notice or need help, contact us at 1-855-887-3485 or send an email to ClaimsAdministrator@NFLConcussionSettlement.com. If you are a lawyer, call or email your designated Firm Contact for assistance. For more information about the Settlement program, visit the official website at www.NFLConcussionSettlement.com to read the Frequently Asked Questions or download a copy of the complete Settlement Agreement.



 **CONCUSSION SETTLEMENT**

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*
No. 2:12-md-02323 (E.D. Pa.)

## NOTICE OF DENIAL OF MONETARY AWARD CLAIM
### DATE OF NOTICE: June 17, 2019
### DEADLINE TO APPEAL: July 17, 2019

### I. SETTLEMENT CLASS MEMBER INFORMATION

| | |
|---|---|
| **Settlement Program ID** | 950015171 |

| **Name** | First<br>Ella | M.I. | Last<br>Mcgill |
|---|---|---|---|

| | |
|---|---|
| **Settlement Class Member Type** | Representative Claimant |
| **Lawyer** | O'Hanlon, Demerath & Castillo |

| **Asserted Qualifying Diagnosis** | Death with CTE (Chronic Traumatic Encephalopathy) | **Date** | 3/21/15 |
|---|---|---|---|

### II. EXPLANATION OF CLAIM DETERMINATION

This Notice is an official communication from the Claims Administrator for the NFL Concussion Settlement Program. We reviewed your Claim Package and determined that you are not entitled to a Monetary Award because:

1. Section 6.3(f) of the Settlement Agreement allows a CTE diagnosis if: (1) the Retired Player died before 4/22/15, and (2) there was a post-mortem diagnosis of CTE made by a board-certified neuropathologist prior to 4/22/15. Although Dr. Hamilton is a board-certified neuropathologist and signed a Pre-Effective Date Diagnosing Physician Certification Form indicating a CTE diagnosis, we must have proof that he personally performed the post-mortem exam on the Retired Player and that it was done on or before 4/22/15. There was no post-mortem examination report submitted to indicate that Dr. Hamilton examined the Retired Player's brain tissue to confirm a CTE diagnosis. The two-page letter provided by Dr. Hamilton does not satisfy the requirements for a CTE diagnosis under this Settlement Program. For these reasons, this claim is denied.

Section III below explains your right to appeal this denied claim, but living Retired Players may have the option to submit a new Claim Package under Section 9.1(c)(i) of the Settlement Agreement if they receive a new Qualifying Diagnosis. We will determine whether the new claim can be considered for a Monetary Award based on several factors, including whether the new claim shows materially changed circumstances from the earlier claim. These materially changed circumstances may include: (a) a different type of Qualifying Diagnosis than the one that was denied; or (b) the same type of Qualifying Diagnosis but with a different diagnosis date supported by additional medical records. If you submit a new claim within 365 days of the claim that is the subject of this denial notice, Section 10.3(d)(ii) of the Settlement Agreement requires us to audit that new claim if it is based on the same Qualifying Diagnosis as this denied claim, but the new diagnosis was made by a different physician.

### III. YOUR RIGHT TO APPEAL THIS DETERMINATION

If you have a good faith belief that the decision to deny your Monetary Award claim is incorrect, you may appeal this determination to the Court under Section 9.5 of the Settlement Agreement. To do so, click the Appeal Denied Claim button on your secure online portal and follow the instructions provided. You must submit supporting evidence to support your appeal. Any written statement may not be more than 10 double-spaced pages. You must do so on or before the Deadline to Appeal stated at the top of this Notice.

If you decide to appeal, the Settlement Agreement requires you to pay an Appeal Fee of $1,000, which you can do using the online PayPal option or by check made payable to the NFL Claims Administrator. This fee will be refunded if your appeal is successful. If you are unable to pay the $1,000 fee, you may make a hardship request to us to waive the fee and will have to submit financial information showing a sufficient hardship.

If paying the $1,000 Appeal Fee by check, mail the check to the address below.
NFL Concussion Settlement
Claims Administrator
P.O. Box 25369
Richmond, VA  23260

The Special Master appointed by the Court will decide your appeal based upon a showing by you of clear and convincing evidence. The Special Master's factual determinations will be final and binding, but you or Class Counsel or the NFL Parties may object to any of the Special Master's conclusions of law, which will then be subject to de novo (*i.e.*, a new) review by the Court.

If an appeal is not submitted on or before the deadline stated at the top of this Notice, the determination in this Notice will become final.

## IV. CLASS COUNSEL'S RIGHT TO APPEAL THIS DETERMINATION

Section 9.5 of the Settlement Agreement also gives Class Counsel the right to challenge our decision to deny your Monetary Award claim. If Class Counsel chooses to appeal, it must do so by the Deadline to Appeal stated at the top of this Notice and must provide a written copy of its Appeals Form and any supporting evidence to you, the NFL Parties, and us.

If an appeal is taken by you or Class Counsel, the NFL Parties may submit a written opposition (not to exceed 10 double-spaced pages) no later than 30 days after receipt of the Appeals Form. The party taking the appeal is not permitted to submit a reply.

Class Counsel may also submit a written statement (not to exceed 10 double-spaced pages) in response to your appeal no later than 15 days after receipt of the Appeals Form, and you and the NFL Parties may each submit a reply to any such submission by Class Counsel.

## V. HOW TO CONTACT US WITH QUESTIONS OR FOR HELP

If you are represented by a lawyer, consult with your lawyer if you have questions or need assistance. If you are unrepresented and have any questions about this Notice or need help, contact us at 1-855-887-3485 or send an email to ClaimsAdministrator@NFLConcussionSettlement.com. If you are a lawyer, call or email your designated Firm Contact for assistance. For more information about the Settlement program, visit the official website at www.NFLConcussionSettlement.com to read the Frequently Asked Questions or download a copy of the complete Settlement Agreement.



 **NFL** **CONCUSSION SETTLEMENT**

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*
No. 2:12-md-02323 (E.D. Pa.)

## NOTICE OF DENIAL OF MONETARY AWARD CLAIM
**DATE OF NOTICE: June 17, 2019**
**DEADLINE TO APPEAL: July 17, 2019**

### I. SETTLEMENT CLASS MEMBER INFORMATION

| Settlement Program ID | 950013523 | | | |
|---|---|---|---|---|
| **Name** | First<br>Ellen | | M.I.<br>A. | Last<br>Morin |
| **Settlement Class Member Type** | Representative Claimant | | | |
| **Lawyer** | O'Hanlon, Demerath & Castillo | | | |
| **Asserted Qualifying Diagnosis** | Death with CTE (Chronic Traumatic Encephalopathy) | | **Date** | 7/9/10 |

### II. EXPLANATION OF CLAIM DETERMINATION

This Notice is an official communication from the Claims Administrator for the NFL Concussion Settlement Program. We reviewed your Claim Package and determined that you are not entitled to a Monetary Award because:

| 1. | Section 6.3(f) of the Settlement Agreement allows a CTE diagnosis if: (1) the Retired Player died before 4/22/15, and (2) there was a post-mortem diagnosis of CTE made by a board-certified neuropathologist prior to 4/22/15. Although Dr. Hamilton is a board-certified neuropathologist and signed a Pre-Effective Date Diagnosing Physician Certification Form indicating a CTE diagnosis, we must have proof that he personally performed the post-mortem exam on the Retired Player and that it was done on or before 4/22/15. There was no post-mortem examination report submitted to indicate that Dr. Hamilton examined the Retired Player's brain tissue to confirm a CTE diagnosis. The two-page letter provided by Dr. Hamilton does not satisfy the requirements for a CTE diagnosis under this Settlement Program. For these reasons, this claim is denied. |
|---|---|

Section III below explains your right to appeal this denied claim, but living Retired Players may have the option to submit a new Claim Package under Section 9.1(c)(i) of the Settlement Agreement if they receive a new Qualifying Diagnosis. We will determine whether the new claim can be considered for a Monetary Award based on several factors, including whether the new claim shows materially changed circumstances from the earlier claim. These materially changed circumstances may include: (a) a different type of Qualifying Diagnosis than the one that was denied; or (b) the same type of Qualifying Diagnosis but with a different diagnosis date supported by additional medical records. If you submit a new claim within 365 days of the claim that is the subject of this denial notice, Section 10.3(d)(ii) of the Settlement Agreement requires us to audit that new claim if it is based on the same Qualifying Diagnosis as this denied claim, but the new diagnosis was made by a different physician.

### III. YOUR RIGHT TO APPEAL THIS DETERMINATION

If you have a good faith belief that the decision to deny your Monetary Award claim is incorrect, you may appeal this determination to the Court under Section 9.5 of the Settlement Agreement. To do so, click the Appeal Denied Claim button on your secure online portal and follow the instructions provided. You must submit supporting evidence to support your appeal. Any written statement may not be more than 10 double-spaced pages. You must do so on or before the Deadline to Appeal stated at the top of this Notice.

If you decide to appeal, the Settlement Agreement requires you to pay an Appeal Fee of $1,000, which you can do using the online PayPal option or by check made payable to the NFL Claims Administrator. This fee will be refunded if your appeal is successful. If you are unable to pay the $1,000 fee, you may make a hardship request to us to waive the fee and will have to submit financial information showing a sufficient hardship.

If paying the $1,000 Appeal Fee by check, mail the check to the address below.
> NFL Concussion Settlement
> Claims Administrator
> P.O. Box 25369
> Richmond, VA 23260

The Special Master appointed by the Court will decide your appeal based upon a showing by you of clear and convincing evidence. The Special Master's factual determinations will be final and binding, but you or Class Counsel or the NFL Parties may object to any of the Special Master's conclusions of law, which will then be subject to de novo (*i.e.*, a new) review by the Court.

If an appeal is not submitted on or before the deadline stated at the top of this Notice, the determination in this Notice will become final.

## IV. CLASS COUNSEL'S RIGHT TO APPEAL THIS DETERMINATION

Section 9.5 of the Settlement Agreement also gives Class Counsel the right to challenge our decision to deny your Monetary Award claim. If Class Counsel chooses to appeal, it must do so by the Deadline to Appeal stated at the top of this Notice and must provide a written copy of its Appeals Form and any supporting evidence to you, the NFL Parties, and us.

If an appeal is taken by you or Class Counsel, the NFL Parties may submit a written opposition (not to exceed 10 double-spaced pages) no later than 30 days after receipt of the Appeals Form. The party taking the appeal is not permitted to submit a reply.

Class Counsel may also submit a written statement (not to exceed 10 double-spaced pages) in response to your appeal no later than 15 days after receipt of the Appeals Form, and you and the NFL Parties may each submit a reply to any such submission by Class Counsel.

## V. HOW TO CONTACT US WITH QUESTIONS OR FOR HELP

If you are represented by a lawyer, consult with your lawyer if you have questions or need assistance. If you are unrepresented and have any questions about this Notice or need help, contact us at 1-855-887-3485 or send an email to ClaimsAdministrator@NFLConcussionSettlement.com. If you are a lawyer, call or email your designated Firm Contact for assistance. For more information about the Settlement program, visit the official website at www.NFLConcussionSettlement.com to read the Frequently Asked Questions or download a copy of the complete Settlement Agreement.



 **CONCUSSION SETTLEMENT**

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*
No. 2:12-md-02323 (E.D. Pa.)

## NOTICE OF DENIAL OF MONETARY AWARD CLAIM
### DATE OF NOTICE: **June 17, 2019**
### DEADLINE TO APPEAL: **July 17, 2019**

### I. SETTLEMENT CLASS MEMBER INFORMATION

| | |
|---|---|
| **Settlement Program ID** | 950011822 |

| **Name** | First<br>Holly | M.I. | Last<br>Oliver |
|---|---|---|---|

| | |
|---|---|
| **Settlement Class Member Type** | Representative Claimant |
| **Lawyer** | O'Hanlon, Demerath & Castillo |

| **Asserted Qualifying Diagnosis** | Death with CTE (Chronic Traumatic Encephalopathy) | **Date** | 6/28/13 |
|---|---|---|---|

### II. EXPLANATION OF CLAIM DETERMINATION

This Notice is an official communication from the Claims Administrator for the NFL Concussion Settlement Program. We reviewed your Claim Package and determined that you are not entitled to a Monetary Award because:

| | |
|---|---|
| 1. | Section 6.3(f) of the Settlement Agreement allows a CTE diagnosis if: (1) the Retired Player died before 4/22/15, and (2) there was a post-mortem diagnosis of CTE made by a board-certified neuropathologist prior to 4/22/15. Although Dr. Hamilton is a board-certified neuropathologist and signed a Pre-Effective Date Diagnosing Physician Certification Form indicating a CTE diagnosis, we must have proof that he personally performed the post-mortem exam on the Retired Player and that it was done on or before 4/22/15. There was no post-mortem examination report submitted to indicate that Dr. Hamilton examined the Retired Player's brain tissue to confirm a CTE diagnosis. The two-page letter provided by Dr. Hamilton does not satisfy the requirements for a CTE diagnosis under this Settlement Program. For these reasons, this claim is denied. |

Section III below explains your right to appeal this denied claim, but living Retired Players may have the option to submit a new Claim Package under Section 9.1(c)(i) of the Settlement Agreement if they receive a new Qualifying Diagnosis. We will determine whether the new claim can be considered for a Monetary Award based on several factors, including whether the new claim shows materially changed circumstances from the earlier claim. These materially changed circumstances may include: (a) a different type of Qualifying Diagnosis than the one that was denied; or (b) the same type of Qualifying Diagnosis but with a different diagnosis date supported by additional medical records. If you submit a new claim within 365 days of the claim that is the subject of this denial notice, Section 10.3(d)(ii) of the Settlement Agreement requires us to audit that new claim if it is based on the same Qualifying Diagnosis as this denied claim, but the new diagnosis was made by a different physician.

### III. YOUR RIGHT TO APPEAL THIS DETERMINATION

If you have a good faith belief that the decision to deny your Monetary Award claim is incorrect, you may appeal this determination to the Court under Section 9.5 of the Settlement Agreement. To do so, click the Appeal Denied Claim button on your secure online portal and follow the instructions provided. You must submit supporting evidence to support your appeal. Any written statement may not be more than 10 double-spaced pages. You must do so on or before the Deadline to Appeal stated at the top of this Notice.

If you decide to appeal, the Settlement Agreement requires you to pay an Appeal Fee of $1,000, which you can do using the online PayPal option or by check made payable to the NFL Claims Administrator. This fee will be refunded if your appeal is successful. If you are unable to pay the $1,000 fee, you may make a hardship request to us to waive the fee and will have to submit financial information showing a sufficient hardship.

If paying the $1,000 Appeal Fee by check, mail the check to the address below.

NFL Concussion Settlement
Claims Administrator
P.O. Box 25369
Richmond, VA  23260

The Special Master appointed by the Court will decide your appeal based upon a showing by you of clear and convincing evidence. The Special Master's factual determinations will be final and binding, but you or Class Counsel or the NFL Parties may object to any of the Special Master's conclusions of law, which will then be subject to de novo (*i.e.*, a new) review by the Court.

If an appeal is not submitted on or before the deadline stated at the top of this Notice, the determination in this Notice will become final.

## IV. CLASS COUNSEL'S RIGHT TO APPEAL THIS DETERMINATION

Section 9.5 of the Settlement Agreement also gives Class Counsel the right to challenge our decision to deny your Monetary Award claim. If Class Counsel chooses to appeal, it must do so by the Deadline to Appeal stated at the top of this Notice and must provide a written copy of its Appeals Form and any supporting evidence to you, the NFL Parties, and us.

If an appeal is taken by you or Class Counsel, the NFL Parties may submit a written opposition (not to exceed 10 double-spaced pages) no later than 30 days after receipt of the Appeals Form. The party taking the appeal is not permitted to submit a reply.

Class Counsel may also submit a written statement (not to exceed 10 double-spaced pages) in response to your appeal no later than 15 days after receipt of the Appeals Form, and you and the NFL Parties may each submit a reply to any such submission by Class Counsel.

## V. HOW TO CONTACT US WITH QUESTIONS OR FOR HELP

If you are represented by a lawyer, consult with your lawyer if you have questions or need assistance. If you are unrepresented and have any questions about this Notice or need help, contact us at 1-855-887-3485 or send an email to ClaimsAdministrator@NFLConcussionSettlement.com. If you are a lawyer, call or email your designated Firm Contact for assistance. For more information about the Settlement program, visit the official website at www.NFLConcussionSettlement.com to read the Frequently Asked Questions or download a copy of the complete Settlement Agreement.



 **CONCUSSION SETTLEMENT**

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*
No. 2:12-md-02323 (E.D. Pa.)

## NOTICE OF DENIAL OF MONETARY AWARD CLAIM
### DATE OF NOTICE: June 17, 2019
### DEADLINE TO APPEAL: July 17, 2019

### I. SETTLEMENT CLASS MEMBER INFORMATION

| | |
|---|---|
| **Settlement Program ID** | 950013154 |

| **Name** | First<br>Yvonne | M.I. | Last<br>Sagapolutele |
|---|---|---|---|

| | |
|---|---|
| **Settlement Class Member Type** | Representative Claimant |
| **Lawyer** | O'Hanlon, Demerath & Castillo |

| **Asserted Qualifying Diagnosis** | Death with CTE (Chronic Traumatic Encephalopathy) | **Date** | 6/7/09 |
|---|---|---|---|

### II. EXPLANATION OF CLAIM DETERMINATION

This Notice is an official communication from the Claims Administrator for the NFL Concussion Settlement Program. We reviewed your Claim Package and determined that you are not entitled to a Monetary Award because:

1. Section 6.3(f) of the Settlement Agreement allows a CTE diagnosis if: (1) the Retired Player died before 4/22/15, and (2) there was a post-mortem diagnosis of CTE made by a board-certified neuropathologist prior to 4/22/15. Although Dr. Hamilton is a board-certified neuropathologist and signed a Pre-Effective Date Diagnosing Physician Certification Form indicating a CTE diagnosis, we must have proof that he personally performed the post-mortem exam on the Retired Player and that it was done on or before 4/22/15. There was no post-mortem examination report submitted to indicate that Dr. Hamilton examined the Retired Player's brain tissue to confirm a CTE diagnosis. The two-page letter provided by Dr. Hamilton does not satisfy the requirements for a CTE diagnosis under this Settlement Program. For these reasons, this claim is denied.

Section III below explains your right to appeal this denied claim, but living Retired Players may have the option to submit a new Claim Package under Section 9.1(c)(i) of the Settlement Agreement if they receive a new Qualifying Diagnosis. We will determine whether the new claim can be considered for a Monetary Award based on several factors, including whether the new claim shows materially changed circumstances from the earlier claim. These materially changed circumstances may include: (a) a different type of Qualifying Diagnosis than the one that was denied; or (b) the same type of Qualifying Diagnosis but with a different diagnosis date supported by additional medical records. If you submit a new claim within 365 days of the claim that is the subject of this denial notice, Section 10.3(d)(ii) of the Settlement Agreement requires us to audit that new claim if it is based on the same Qualifying Diagnosis as this denied claim, but the new diagnosis was made by a different physician.

### III. YOUR RIGHT TO APPEAL THIS DETERMINATION

If you have a good faith belief that the decision to deny your Monetary Award claim is incorrect, you may appeal this determination to the Court under Section 9.5 of the Settlement Agreement. To do so, click the Appeal Denied Claim button on your secure online portal and follow the instructions provided. You must submit supporting evidence to support your appeal. Any written statement may not be more than 10 double-spaced pages. You must do so on or before the Deadline to Appeal stated at the top of this Notice.

If you decide to appeal, the Settlement Agreement requires you to pay an Appeal Fee of $1,000, which you can do using the online PayPal option or by check made payable to the NFL Claims Administrator. This fee will be refunded if your appeal is successful. If you are unable to pay the $1,000 fee, you may make a hardship request to us to waive the fee and will have to submit financial information showing a sufficient hardship.

If paying the $1,000 Appeal Fee by check, mail the check to the address below.

> NFL Concussion Settlement
> Claims Administrator
> P.O. Box 25369
> Richmond, VA  23260

The Special Master appointed by the Court will decide your appeal based upon a showing by you of clear and convincing evidence. The Special Master's factual determinations will be final and binding, but you or Class Counsel or the NFL Parties may object to any of the Special Master's conclusions of law, which will then be subject to de novo (*i.e.*, a new) review by the Court.

If an appeal is not submitted on or before the deadline stated at the top of this Notice, the determination in this Notice will become final.

## IV. CLASS COUNSEL'S RIGHT TO APPEAL THIS DETERMINATION

Section 9.5 of the Settlement Agreement also gives Class Counsel the right to challenge our decision to deny your Monetary Award claim. If Class Counsel chooses to appeal, it must do so by the Deadline to Appeal stated at the top of this Notice and must provide a written copy of its Appeals Form and any supporting evidence to you, the NFL Parties, and us.

If an appeal is taken by you or Class Counsel, the NFL Parties may submit a written opposition (not to exceed 10 double-spaced pages) no later than 30 days after receipt of the Appeals Form. The party taking the appeal is not permitted to submit a reply.

Class Counsel may also submit a written statement (not to exceed 10 double-spaced pages) in response to your appeal no later than 15 days after receipt of the Appeals Form, and you and the NFL Parties may each submit a reply to any such submission by Class Counsel.

## V. HOW TO CONTACT US WITH QUESTIONS OR FOR HELP

If you are represented by a lawyer, consult with your lawyer if you have questions or need assistance. If you are unrepresented and have any questions about this Notice or need help, contact us at 1-855-887-3485 or send an email to ClaimsAdministrator@NFLConcussionSettlement.com. If you are a lawyer, call or email your designated Firm Contact for assistance. For more information about the Settlement program, visit the official website at www.NFLConcussionSettlement.com to read the Frequently Asked Questions or download a copy of the complete Settlement Agreement.





# NFL CONCUSSION SETTLEMENT

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*
No. 2:12-md-02323 (E.D. Pa.)

## NOTICE OF DENIAL OF MONETARY AWARD CLAIM
**DATE OF NOTICE: June 17, 2019**
**DEADLINE TO APPEAL: July 17, 2019**

### I. SETTLEMENT CLASS MEMBER INFORMATION

| Settlement Program ID | 950013176 | | | |
|---|---|---|---|---|
| **Name** | First<br>Gary | M.I.<br>R. | Last<br>Schuh | |
| **Settlement Class Member Type** | Representative Claimant | | | |
| **Lawyer** | O'Hanlon, Demerath & Castillo | | | |
| **Asserted Qualifying Diagnosis** | Death with CTE (Chronic Traumatic Encephalopathy) | **Date** | 2/10/15 | |

### II. EXPLANATION OF CLAIM DETERMINATION

This Notice is an official communication from the Claims Administrator for the NFL Concussion Settlement Program. We reviewed your Claim Package and determined that you are not entitled to a Monetary Award because:

**1.** Section 6.3(f) of the Settlement Agreement allows a CTE diagnosis if: (1) the Retired Player died before 4/22/15, and (2) there was a post-mortem diagnosis of CTE made by a board-certified neuropathologist prior to 4/22/15. Although Dr. Hamilton is a board-certified neuropathologist and signed a Pre-Effective Date Diagnosing Physician Certification Form indicating a CTE diagnosis, we must have proof that he personally performed the post-mortem exam on the Retired Player and that it was done on or before 4/22/15. There was no post-mortem examination report submitted to indicate that Dr. Hamilton examined the Retired Player's brain tissue to confirm a CTE diagnosis. The two-page letter provided by Dr. Hamilton does not satisfy the requirements for a CTE diagnosis under this Settlement Program. For these reasons, this claim is denied.

Section III below explains your right to appeal this denied claim, but living Retired Players may have the option to submit a new Claim Package under Section 9.1(c)(i) of the Settlement Agreement if they receive a new Qualifying Diagnosis. We will determine whether the new claim can be considered for a Monetary Award based on several factors, including whether the new claim shows materially changed circumstances from the earlier claim. These materially changed circumstances may include: (a) a different type of Qualifying Diagnosis than the one that was denied; or (b) the same type of Qualifying Diagnosis but with a different diagnosis date supported by additional medical records. If you submit a new claim within 365 days of the claim that is the subject of this denial notice, Section 10.3(d)(ii) of the Settlement Agreement requires us to audit that new claim if it is based on the same Qualifying Diagnosis as this denied claim, but the new diagnosis was made by a different physician.

### III. YOUR RIGHT TO APPEAL THIS DETERMINATION

If you have a good faith belief that the decision to deny your Monetary Award claim is incorrect, you may appeal this determination to the Court under Section 9.5 of the Settlement Agreement. To do so, click the Appeal Denied Claim button on your secure online portal and follow the instructions provided. You must submit supporting evidence to support your appeal. Any written statement may not be more than 10 double-spaced pages. You must do so on or before the Deadline to Appeal stated at the top of this Notice.

If you decide to appeal, the Settlement Agreement requires you to pay an Appeal Fee of $1,000, which you can do using the online PayPal option or by check made payable to the NFL Claims Administrator. This fee will be refunded if your appeal is successful. If you are unable to pay the $1,000 fee, you may make a hardship request to us to waive the fee and will have to submit financial information showing a sufficient hardship.

If paying the $1,000 Appeal Fee by check, mail the check to the address below.

NFL Concussion Settlement
Claims Administrator
P.O. Box 25369
Richmond, VA  23260

The Special Master appointed by the Court will decide your appeal based upon a showing by you of clear and convincing evidence. The Special Master's factual determinations will be final and binding, but you or Class Counsel or the NFL Parties may object to any of the Special Master's conclusions of law, which will then be subject to de novo (*i.e.*, a new) review by the Court.

If an appeal is not submitted on or before the deadline stated at the top of this Notice, the determination in this Notice will become final.

## IV. CLASS COUNSEL'S RIGHT TO APPEAL THIS DETERMINATION

Section 9.5 of the Settlement Agreement also gives Class Counsel the right to challenge our decision to deny your Monetary Award claim. If Class Counsel chooses to appeal, it must do so by the Deadline to Appeal stated at the top of this Notice and must provide a written copy of its Appeals Form and any supporting evidence to you, the NFL Parties, and us.

If an appeal is taken by you or Class Counsel, the NFL Parties may submit a written opposition (not to exceed 10 double-spaced pages) no later than 30 days after receipt of the Appeals Form. The party taking the appeal is not permitted to submit a reply.

Class Counsel may also submit a written statement (not to exceed 10 double-spaced pages) in response to your appeal no later than 15 days after receipt of the Appeals Form, and you and the NFL Parties may each submit a reply to any such submission by Class Counsel.

## V. HOW TO CONTACT US WITH QUESTIONS OR FOR HELP

If you are represented by a lawyer, consult with your lawyer if you have questions or need assistance. If you are unrepresented and have any questions about this Notice or need help, contact us at 1-855-887-3485 or send an email to ClaimsAdministrator@NFLConcussionSettlement.com. If you are a lawyer, call or email your designated Firm Contact for assistance. For more information about the Settlement program, visit the official website at www.NFLConcussionSettlement.com to read the Frequently Asked Questions or download a copy of the complete Settlement Agreement.





# NFL CONCUSSION SETTLEMENT

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*

No. 2:12-md-02323 (E.D. Pa.)

## NOTICE OF DENIAL OF MONETARY AWARD CLAIM

**DATE OF NOTICE: June 17, 2019**

**DEADLINE TO APPEAL: July 17, 2019**

### I. SETTLEMENT CLASS MEMBER INFORMATION

| | |
|---|---|
| **Settlement Program ID** | 950011820 |

| **Name** | First<br>Lenore | M.I.<br>Z. | Last<br>Stehouwer |
|---|---|---|---|

| | |
|---|---|
| **Settlement Class Member Type** | Representative Claimant |
| **Lawyer** | O'Hanlon, Demerath & Castillo |

| **Asserted Qualifying Diagnosis** | Death with CTE (Chronic Traumatic Encephalopathy) | **Date** | 1/18/07 |
|---|---|---|---|

### II. EXPLANATION OF CLAIM DETERMINATION

This Notice is an official communication from the Claims Administrator for the NFL Concussion Settlement Program. We reviewed your Claim Package and determined that you are not entitled to a Monetary Award because:

1. Section 6.3(f) of the Settlement Agreement allows a CTE diagnosis if: (1) the Retired Player died before 4/22/15, and (2) there was a post-mortem diagnosis of CTE made by a board-certified neuropathologist prior to 4/22/15. Although Dr. Hamilton is a board-certified neuropathologist and signed a Pre-Effective Date Diagnosing Physician Certification Form indicating a CTE diagnosis, we must have proof that he personally performed the post-mortem exam on the Retired Player and that it was done on or before 4/22/15. There was no post-mortem examination report submitted to indicate that Dr. Hamilton examined the Retired Player's brain tissue to confirm a CTE diagnosis. The two-page letter provided by Dr. Hamilton does not satisfy the requirements for a CTE diagnosis under this Settlement Program. For these reasons, this claim is denied.

Section III below explains your right to appeal this denied claim, but living Retired Players may have the option to submit a new Claim Package under Section 9.1(c)(i) of the Settlement Agreement if they receive a new Qualifying Diagnosis. We will determine whether the new claim can be considered for a Monetary Award based on several factors, including whether the new claim shows materially changed circumstances from the earlier claim. These materially changed circumstances may include: (a) a different type of Qualifying Diagnosis than the one that was denied; or (b) the same type of Qualifying Diagnosis but with a different diagnosis date supported by additional medical records. If you submit a new claim within 365 days of the claim that is the subject of this denial notice, Section 10.3(d)(ii) of the Settlement Agreement requires us to audit that new claim if it is based on the same Qualifying Diagnosis as this denied claim, but the new diagnosis was made by a different physician.

### III. YOUR RIGHT TO APPEAL THIS DETERMINATION

If you have a good faith belief that the decision to deny your Monetary Award claim is incorrect, you may appeal this determination to the Court under Section 9.5 of the Settlement Agreement. To do so, click the Appeal Denied Claim button on your secure online portal and follow the instructions provided. You must submit supporting evidence to support your appeal. Any written statement may not be more than 10 double-spaced pages. You must do so on or before the Deadline to Appeal stated at the top of this Notice.

If you decide to appeal, the Settlement Agreement requires you to pay an Appeal Fee of $1,000, which you can do using the online PayPal option or by check made payable to the NFL Claims Administrator. This fee will be refunded if your appeal is successful. If you are unable to pay the $1,000 fee, you may make a hardship request to us to waive the fee and will have to submit financial information showing a sufficient hardship.

If paying the $1,000 Appeal Fee by check, mail the check to the address below.

NFL Concussion Settlement
Claims Administrator
P.O. Box 25369
Richmond, VA 23260

The Special Master appointed by the Court will decide your appeal based upon a showing by you of clear and convincing evidence. The Special Master's factual determinations will be final and binding, but you or Class Counsel or the NFL Parties may object to any of the Special Master's conclusions of law, which will then be subject to de novo (*i.e.*, a new) review by the Court.

If an appeal is not submitted on or before the deadline stated at the top of this Notice, the determination in this Notice will become final.

## IV. CLASS COUNSEL'S RIGHT TO APPEAL THIS DETERMINATION

Section 9.5 of the Settlement Agreement also gives Class Counsel the right to challenge our decision to deny your Monetary Award claim. If Class Counsel chooses to appeal, it must do so by the Deadline to Appeal stated at the top of this Notice and must provide a written copy of its Appeals Form and any supporting evidence to you, the NFL Parties, and us.

If an appeal is taken by you or Class Counsel, the NFL Parties may submit a written opposition (not to exceed 10 double-spaced pages) no later than 30 days after receipt of the Appeals Form. The party taking the appeal is not permitted to submit a reply.

Class Counsel may also submit a written statement (not to exceed 10 double-spaced pages) in response to your appeal no later than 15 days after receipt of the Appeals Form, and you and the NFL Parties may each submit a reply to any such submission by Class Counsel.

## V. HOW TO CONTACT US WITH QUESTIONS OR FOR HELP

If you are represented by a lawyer, consult with your lawyer if you have questions or need assistance. If you are unrepresented and have any questions about this Notice or need help, contact us at 1-855-887-3485 or send an email to ClaimsAdministrator@NFLConcussionSettlement.com. If you are a lawyer, call or email your designated Firm Contact for assistance. For more information about the Settlement program, visit the official website at www.NFLConcussionSettlement.com to read the Frequently Asked Questions or download a copy of the complete Settlement Agreement.



 **CONCUSSION SETTLEMENT**

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*
No. 2:12-md-02323 (E.D. Pa.)

## NOTICE OF DENIAL OF MONETARY AWARD CLAIM

**DATE OF NOTICE: June 17, 2019**
**DEADLINE TO APPEAL: July 17, 2019**

### I. SETTLEMENT CLASS MEMBER INFORMATION

| | |
|---|---|
| **Settlement Program ID** | 950013174 |

| **Name** | First<br>Mindy | M.I.<br>L. | Last<br>Stubbs |
|---|---|---|---|

| | |
|---|---|
| **Settlement Class Member Type** | Representative Claimant |
| **Lawyer** | O'Hanlon, Demerath & Castillo |

| **Asserted Qualifying Diagnosis** | Death with CTE (Chronic Traumatic Encephalopathy) | **Date** | 10/8/08 |
|---|---|---|---|

### II. EXPLANATION OF CLAIM DETERMINATION

This Notice is an official communication from the Claims Administrator for the NFL Concussion Settlement Program. We reviewed your Claim Package and determined that you are not entitled to a Monetary Award because:

1. Section 6.3(f) of the Settlement Agreement allows a CTE diagnosis if: (1) the Retired Player died before 4/22/15, and (2) there was a post-mortem diagnosis of CTE made by a board-certified neuropathologist prior to 4/22/15. Although Dr. Hamilton is a board-certified neuropathologist and signed a Pre-Effective Date Diagnosing Physician Certification Form indicating a CTE diagnosis, we must have proof that he personally performed the post-mortem exam on the Retired Player and that it was done on or before 4/22/15. There was no post-mortem examination report submitted to indicate that Dr. Hamilton examined the Retired Player's brain tissue to confirm a CTE diagnosis. The two-page letter provided by Dr. Hamilton does not satisfy the requirements for a CTE diagnosis under this Settlement Program. For these reasons, this claim is denied.

Section III below explains your right to appeal this denied claim, but living Retired Players may have the option to submit a new Claim Package under Section 9.1(c)(i) of the Settlement Agreement if they receive a new Qualifying Diagnosis. We will determine whether the new claim can be considered for a Monetary Award based on several factors, including whether the new claim shows materially changed circumstances from the earlier claim. These materially changed circumstances may include: (a) a different type of Qualifying Diagnosis than the one that was denied; or (b) the same type of Qualifying Diagnosis but with a different diagnosis date supported by additional medical records. If you submit a new claim within 365 days of the claim that is the subject of this denial notice, Section 10.3(d)(ii) of the Settlement Agreement requires us to audit that new claim if it is based on the same Qualifying Diagnosis as this denied claim, but the new diagnosis was made by a different physician.

### III. YOUR RIGHT TO APPEAL THIS DETERMINATION

If you have a good faith belief that the decision to deny your Monetary Award claim is incorrect, you may appeal this determination to the Court under Section 9.5 of the Settlement Agreement. To do so, click the Appeal Denied Claim button on your secure online portal and follow the instructions provided. You must submit supporting evidence to support your appeal. Any written statement may not be more than 10 double-spaced pages. You must do so on or before the Deadline to Appeal stated at the top of this Notice.

If you decide to appeal, the Settlement Agreement requires you to pay an Appeal Fee of $1,000, which you can do using the online PayPal option or by check made payable to the NFL Claims Administrator. This fee will be refunded if your appeal is successful. If you are unable to pay the $1,000 fee, you may make a hardship request to us to waive the fee and will have to submit financial information showing a sufficient hardship.

If paying the $1,000 Appeal Fee by check, mail the check to the address below.

NFL Concussion Settlement
Claims Administrator
P.O. Box 25369
Richmond, VA 23260

The Special Master appointed by the Court will decide your appeal based upon a showing by you of clear and convincing evidence. The Special Master's factual determinations will be final and binding, but you or Class Counsel or the NFL Parties may object to any of the Special Master's conclusions of law, which will then be subject to de novo (*i.e.*, a new) review by the Court.

If an appeal is not submitted on or before the deadline stated at the top of this Notice, the determination in this Notice will become final.

## IV. CLASS COUNSEL'S RIGHT TO APPEAL THIS DETERMINATION

Section 9.5 of the Settlement Agreement also gives Class Counsel the right to challenge our decision to deny your Monetary Award claim. If Class Counsel chooses to appeal, it must do so by the Deadline to Appeal stated at the top of this Notice and must provide a written copy of its Appeals Form and any supporting evidence to you, the NFL Parties, and us.

If an appeal is taken by you or Class Counsel, the NFL Parties may submit a written opposition (not to exceed 10 double-spaced pages) no later than 30 days after receipt of the Appeals Form. The party taking the appeal is not permitted to submit a reply.

Class Counsel may also submit a written statement (not to exceed 10 double-spaced pages) in response to your appeal no later than 15 days after receipt of the Appeals Form, and you and the NFL Parties may each submit a reply to any such submission by Class Counsel.

## V. HOW TO CONTACT US WITH QUESTIONS OR FOR HELP

If you are represented by a lawyer, consult with your lawyer if you have questions or need assistance. If you are unrepresented and have any questions about this Notice or need help, contact us at 1-855-887-3485 or send an email to ClaimsAdministrator@NFLConcussionSettlement.com. If you are a lawyer, call or email your designated Firm Contact for assistance. For more information about the Settlement program, visit the official website at www.NFLConcussionSettlement.com to read the Frequently Asked Questions or download a copy of the complete Settlement Agreement.



 **CONCUSSION SETTLEMENT**

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*
No. 2:12-md-02323 (E.D. Pa.)

## NOTICE OF DENIAL OF MONETARY AWARD CLAIM
### DATE OF NOTICE: **June 17, 2019**
### DEADLINE TO APPEAL: **July 17, 2019**

### I. SETTLEMENT CLASS MEMBER INFORMATION

| | |
|---|---|
| **Settlement Program ID** | 950013178 |

| **Name** | First<br>Rona | M.I.<br>C. | Last<br>Taylor |
|---|---|---|---|

| | |
|---|---|
| **Settlement Class Member Type** | Representative Claimant |
| **Lawyer** | O'Hanlon, Demerath & Castillo |

| **Asserted Qualifying Diagnosis** | Death with CTE (Chronic Traumatic Encephalopathy) | **Date** | 3/14/10 |
|---|---|---|---|

### II. EXPLANATION OF CLAIM DETERMINATION

This Notice is an official communication from the Claims Administrator for the NFL Concussion Settlement Program. We reviewed your Claim Package and determined that you are not entitled to a Monetary Award because:

1. Section 6.3(f) of the Settlement Agreement allows a CTE diagnosis if: (1) the Retired Player died before 4/22/15, and (2) there was a post-mortem diagnosis of CTE made by a board-certified neuropathologist prior to 4/22/15. Although Dr. Hamilton is a board-certified neuropathologist and signed a Pre-Effective Date Diagnosing Physician Certification Form indicating a CTE diagnosis, we must have proof that he personally performed the post-mortem exam on the Retired Player and that it was done on or before 4/22/15. There was no post-mortem examination report submitted to indicate that Dr. Hamilton examined the Retired Player's brain tissue to confirm a CTE diagnosis. The two-page letter provided by Dr. Hamilton does not satisfy the requirements for a CTE diagnosis under this Settlement Program. For these reasons, this claim is denied.

Section III below explains your right to appeal this denied claim, but living Retired Players may have the option to submit a new Claim Package under Section 9.1(c)(i) of the Settlement Agreement if they receive a new Qualifying Diagnosis. We will determine whether the new claim can be considered for a Monetary Award based on several factors, including whether the new claim shows materially changed circumstances from the earlier claim. These materially changed circumstances may include: (a) a different type of Qualifying Diagnosis than the one that was denied; or (b) the same type of Qualifying Diagnosis but with a different diagnosis date supported by additional medical records. If you submit a new claim within 365 days of the claim that is the subject of this denial notice, Section 10.3(d)(ii) of the Settlement Agreement requires us to audit that new claim if it is based on the same Qualifying Diagnosis as this denied claim, but the new diagnosis was made by a different physician.

### III. YOUR RIGHT TO APPEAL THIS DETERMINATION

If you have a good faith belief that the decision to deny your Monetary Award claim is incorrect, you may appeal this determination to the Court under Section 9.5 of the Settlement Agreement. To do so, click the Appeal Denied Claim button on your secure online portal and follow the instructions provided. You must submit supporting evidence to support your appeal. Any written statement may not be more than 10 double-spaced pages. You must do so on or before the Deadline to Appeal stated at the top of this Notice.

If you decide to appeal, the Settlement Agreement requires you to pay an Appeal Fee of $1,000, which you can do using the online PayPal option or by check made payable to the NFL Claims Administrator. This fee will be refunded if your appeal is successful. If you are unable to pay the $1,000 fee, you may make a hardship request to us to waive the fee and will have to submit financial information showing a sufficient hardship.

If paying the $1,000 Appeal Fee by check, mail the check to the address below.

> NFL Concussion Settlement
> Claims Administrator
> P.O. Box 25369
> Richmond, VA 23260

The Special Master appointed by the Court will decide your appeal based upon a showing by you of clear and convincing evidence. The Special Master's factual determinations will be final and binding, but you or Class Counsel or the NFL Parties may object to any of the Special Master's conclusions of law, which will then be subject to de novo (*i.e.*, a new) review by the Court.

If an appeal is not submitted on or before the deadline stated at the top of this Notice, the determination in this Notice will become final.

## IV. CLASS COUNSEL'S RIGHT TO APPEAL THIS DETERMINATION

Section 9.5 of the Settlement Agreement also gives Class Counsel the right to challenge our decision to deny your Monetary Award claim. If Class Counsel chooses to appeal, it must do so by the Deadline to Appeal stated at the top of this Notice and must provide a written copy of its Appeals Form and any supporting evidence to you, the NFL Parties, and us.

If an appeal is taken by you or Class Counsel, the NFL Parties may submit a written opposition (not to exceed 10 double-spaced pages) no later than 30 days after receipt of the Appeals Form. The party taking the appeal is not permitted to submit a reply.

Class Counsel may also submit a written statement (not to exceed 10 double-spaced pages) in response to your appeal no later than 15 days after receipt of the Appeals Form, and you and the NFL Parties may each submit a reply to any such submission by Class Counsel.

## V. HOW TO CONTACT US WITH QUESTIONS OR FOR HELP

If you are represented by a lawyer, consult with your lawyer if you have questions or need assistance. If you are unrepresented and have any questions about this Notice or need help, contact us at 1-855-887-3485 or send an email to ClaimsAdministrator@NFLConcussionSettlement.com. If you are a lawyer, call or email your designated Firm Contact for assistance. For more information about the Settlement program, visit the official website at www.NFLConcussionSettlement.com to read the Frequently Asked Questions or download a copy of the complete Settlement Agreement.

